**SPERRY GYROSCOPE COMPANY, DIVISION OF SPERRY RAND CORPORATION, Plaintiff,**

v.

**Charles N. HALL, individually, and as President of the Engineers Association, an unincorporated association, Defendant.**

United States District Court
S. D. New York.

June 14, 1960.

Poletti & Freidin, New York City, Jesse Freidin and Martin C. Seham, New York City, of counsel, for plaintiff.

Vladeck & Elias, New York City, Stephen C. Vladeck and Judith P. Vladeck, New York City, of counsel, for defendant.

HERLANDS, District Judge.

The collective bargaining contract in effect between the plaintiff-employer and the defendant-engineers' union contains the following clause numbered "28C":

"C.  *Vote on National Affiliation*
"The Association for itself and its members agrees that affiliation with

any labor organization which is composed of or represents directly or through an affiliated, subsidiary or constituent organization, employees engaged in maintenance or production work or in any other work not recognized as professional or scientific, shall not be effective unless first approved by a majority of all employees within the bargaining unit represented by the Association by a closed ballot vote to be conducted by the American Arbitration Association which shall certify the results thereof to the Association and to the Employer."

The union has given notice of its intention to violate the provision, which it considers illegal and unenforceable. Presently independent, the union plans to affiliate with an international union which represents employees engaged in maintenance and production work. The union does not intend to permit those in the bargaining unit who are not members of the union to vote on the proposed affiliation, as Clause 28C requires.

The employer has brought this action for declaratory and injunctive relief. On the motion at bar, plaintiff seeks a preliminary injunction restraining the union from affiliating with the international without first obtaining by affirmative vote the approval of the majority of those in the bargaining unit, regardless of their status as members or nonmembers of the union, as required by Clause 28C. Such an injunction would restrain the union membership, collectively, from freely associating itself with the international.

■■ This court is without jurisdiction to grant the preliminary injunction sought on this motion. The dispute is a "labor dispute" within the statutory definition of Section 13(c) of the Norris-LaGuardia Act (29 U.S.C.A. § 113(c). It is a "controversy * * * concerning the association or representation of persons" in collective bargaining. The conduct sought to be enjoined is protected conduct under Section 4(b) of the Act, 29 U.S.C.A. § 104(b), which provides:

"§ 104. Enumeration of specific acts not subject to restraining orders or injunctions

"No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts:

\* \* \* \* \* \*

"(b) Becoming or remaining a member of any labor organization or of any employer organization, regardless of any such undertaking or promise as is described in section 103 of this title; \* \* \*."

■ There is no ground and no authority for limiting Section 104(b) to "yellow dog" contracts, as the plaintiff urges. By its terms, it embraces more than such contracts. Even Section 103, to which it refers, deals with other kinds of restrictive contracts.

Section 2 of the Norris-LaGuardia Act, 29 U.S.C.A. § 102, is a declaration of the Congressional policy underlying this statute. Congress intended that employees have "full freedom" to associate and designate collective bargaining representatives, "free from the interference, restraint or coercion of employers." It is clear from Sections 3 and 4(b) of the Norris-LaGuardia Act, 29 U.S.C.A. §§ 103 and 104(b), that Congress meant specifically to condemn contractual restraint of those freedoms. Nothing in the Act authorizes the court to inquire into how freely the restraining contract was entered into.

However reasonable Clause 28C appears to be, an injunction preventing its breach would be an order of a federal court impinging upon the full freedom of association and designation of collective bargaining representatives by em-

ployees. That is precisely what Congress intended to prevent by the broad provisions of the Norris-LaGuardia Act.

Clause 28C may be legal and plaintiff may be entitled to such other relief (under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185) as the Norris-LaGuardia Act does not withdraw from the jurisdiction of the court, e. g., damages and/or declaratory judgment. The court is not now called upon to decide these matters.

■ "Congress passed the Norris-LaGuardia Act to curtail and regulate the jurisdiction of courts, not, as it passed the Taft-Hartley Act, to regulate the conduct of people engaged in labor disputes." Marine Cooks & Stewards v. Panama S.S. Co., 1960, 362 U.S. 365, 372, 80 S.Ct. 779, 784, 4 L.Ed.2d 797. Although once in doubt, it is now settled that injunctive relief is not one of the remedies available in the federal courts under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, where the conduct sought to be enjoined is specifically protected by Section 4 of the Norris-LaGuardia Act, as is the case at bar. A. H. Bull Steamship Co. v. Seafarers' International Union, 2 Cir., 1957, 250 F.2d 326, certiorari denied 1958, 355 U.S. 932, 78 S.Ct. 411, 2 L.Ed.2d 414 [peaceful strike in violation of no-strike clause]. Cf. Textile Workers Union of America v. Lincoln Mills, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 [injunction to enforce arbitration clause granted because, *inter alia*, refusal to arbitrate is not protected conduct under Section 4 or the policy of the Norris-LaGuardia Act]. See, also, Order of Railroad Telegraphers v. Chicago & N. W. R. Co., 1960, 362 U.S. 330, 335–336, 80 S.Ct. 761, 4 L.Ed.2d 774 [Congress intended a broad application of the Norris-LaGuardia Act to implement its policy of full freedom of association and representation of workers]; and Marine Cooks & Stewards v. Panama S. S. Co., 1960, 362 U.S. 365, 369, 80 S.Ct. 779, 4 L.Ed.2d 797 [where federal district courts have power to award damages in state cases growing out of labor disputes, the question whether they also

have the power to issue injunctions is to be controlled by the Norris-LaGuardia Act].

The motion for a preliminary injunction is hereby denied.

This decision and opinion contains the findings of fact and conclusions of law required by F.R.Civ.P. 52(a), 28 U.S.C.A. If either party deems it necessary or appropriate to propose additional or supplementary findings or conclusions, such submission shall take place within five days from the date hereof, upon due notice to the other side.

This decision and opinion constitutes an order.